UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
_____
                                  :
OREADER CALLAWAY,                 :
                                  :
         Plaintiff,               :   Civ. No. 14-4853 (NLH)
                                  :
    v.                            :   OPINION
                                  :
CUMBERLAND COUNTY SHERIFF         :
    DEPARTMENT, et al,            :
                                  :
         Defendants.              :
_____:
```

APPEARANCES:
Oreader Callaway, #934609/109763-B
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625
    Plaintiff Pro se


HILLMAN, District Judge

        On or about August 4, 2014, Plaintiff Oreader Callaway, a

prisoner presently confined at the New Jersey State Prison in

Trenton, New Jersey, filed this civil rights action pursuant to

42 U.S.C. § 1983. (ECF No. 1).  This case was twice previously

administratively terminated for failure to satisfy the filing

fee requirement. (ECF Nos. 3, 7).  On or about June 29, 2015,

Plaintiff submitted a request to reopen and a renewed

application to proceed in forma pauperis. (EFC No. 10).  The

case was reopened for review by a judicial officer.

On July 8, 2015, the Court determined that Plaintiff had submitted a complete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, and he was granted leave to proceed without prepayment of fees. (ECF No. 11).  Plaintiff was informed that this case remained subject to sua sponte screening by the Court. See 28 U.S.C. §§ 1915(e)(2)(B); see also 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.

The Court has had the opportunity to review the instant Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons set forth below, the Complaint will be dismissed for failure to state a claim.

## I.   BACKGROUND

Plaintiff's claims arise from an incident which occurred on April 25, 2014 while Plaintiff was detained in a Cumberland County Court holding cell. (Compl. 4, ECF No. 1).  Specifically, Plaintiff states that he was shackled in a holding cell while awaiting a court appearance.  Plaintiff contends that his legs became tangled in the shackles and he fell forward, breaking his hand on the "sink/toilet area in the holding cell." Id.

Plaintiff states that he "immediately notified Sheriff Officer Tescoroni as to the immediate swelling and pain, and

[he] asked to see medical personel [sic]." Id.  Plaintiff states
that he was told that, for procedural reasons, he "could not be
sent back to the County Jail medical department to address this
medical issue until [he was] at least seen by the Judge or
released on postponement to a later date." Id.  Plaintiff states
that he spent at least two to three hours "suffering in pain[.]"
Id.

Plaintiff seeks financial compensation for his pain and
suffering in the amount of $75,000.  He also would like to
implement a change in the duration and practice of leg shackling
to prevent future accidents; and requests an assurance that any
medical issues that arise while prisoners are in a holding cell
awaiting a court appearance will be immediately addressed.

Based on the factual allegations of the Complaint, the
Court presumes that Plaintiff means to allege a Fourteenth
Amendment violation due to inadequate medical care.[1]  The caption

---

[1] Although Plaintiff does not specify whether he had been
convicted or whether he was a pretrial detainee at the time of
the incident in question, a review of the New Jersey Department
of Corrections website indicates that Plaintiff was a pretrial
detainee at the time he filed this Complaint. See
https://www20.state.nj.us/DOC_Inmate.  The Eighth Amendment
protects the right of a convicted prisoner to receive adequate
medical care. See Estelle v. Gamble, 429 U.S. 97, 103–04, 97
S.Ct. 285, 50 L.Ed.2d 251 (1976).  But where, as here, the
plaintiff is a pretrial detainee, the Eighth Amendment does not
apply; instead, the plaintiff must plead his § 1983 claim under
the Due Process Clause of the Fourteenth Amendment. See Tri
Thanh Nguyen v. Franklin Cnty. Sheriffs Dep't, 512 F. App'x 188
(3d Cir.) cert. denied sub nom. Nguyen v. Franklin Cnty.

of Plaintiff's Complaint names the Cumberland County Sheriff Department and Sheriff Robert Augustino as defendants. (Compl. 1, ECF No. 1). However, the body of Plaintiff's Complaint (Compl. 3, ECF No. 1) lists Sheriff Augustino as the only defendant; and the factual allegations of the Complaint (Compl. 4, ECF No. 1) refer only to Sheriff Officer Tescoroni.

II.   STANDARDS OF REVIEW

A. Sua Sponte Dismissal

Every complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Sheriff's Dep't, 133 S. Ct. 2774, 186 L. Ed. 2d 224 (2013); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003) (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983)); see also Bornstein v. Cnty. of Monmouth, No. 11-5336, 2015 WL 2125701, at *11 (D.N.J. May 6, 2015).

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)
(citations omitted).

That is, a complaint must assert "enough facts to state a
claim to relief that is plausible on its face." Id. at 570.  "A
claim has facial plausibility when the plaintiff pleads factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged."
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550
U.S. at 556).  The determination of whether the factual
allegations plausibly give rise to an entitlement to relief is
"'a context-specific task that requires the reviewing court to
draw on its judicial experience and common sense.'" Bistrian v.
Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).
Thus, a court is "not bound to accept as true a legal conclusion
couched as a factual allegation," and "[t]hreadbare recitals of
the elements of a cause of action, supported by mere conclusory
statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678
(citations omitted).

In determining the sufficiency of a pro se complaint, the
Court must be mindful to accept its factual allegations as true,
see James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir.
2012), and to construe it liberally in favor of the plaintiff,

see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in Thomaston v. Meyer, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person
> within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting
under color of state law. West v. Atkins, 487 U.S. 42, 48, 108
S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641
F.3d 560, 563 (3d Cir. 2011).

    C. Actions for Inadequate Medical Care

    The United States Court of Appeals for the Third Circuit
has indicated that a pretrial detainee's right to adequate
medical care should be analyzed under the well-settled standard
established in Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50
L.Ed.2d 251 (1976), which provides that prison officials are
required "to provide basic medical treatment to those whom it
has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.
1999) (citing Estelle, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251
(1976)). "It would be anomalous to afford a pretrial detainee
less constitutional protection than one who has been convicted."
Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1079-80
(3d Cir. 1976). Thus, at a minimum, the "deliberate
indifference" standard of Estelle must be met. Montgomery v.
Aparatis Dist. Co., No. 14-3257, 2015 WL 1600521, at *2 (3d Cir.
Apr. 10, 2015); Inmates of Allegheny County Jail v. Pierce, 612
F.2d 754, 762 (3d Cir. 1979).

    To state a claim, an inmate must satisfy an objective
element and a subjective element. See Farmer v. Brennan, 511
U.S. 825, 834 (1994). Specifically, an inmate must allege: (1)

a serious medical need; and (2) behavior on the part of prison
officials that constitutes deliberate indifference to that need.
Estelle, 429 U.S. at 106; Natale v. Camden Cnty. Corr. Facility,
318 F.3d 575, 582 (3d Cir. 2003).

To establish deliberate indifference, a prisoner must show
that the defendant was subjectively aware of the unmet serious
medical need and failed to reasonably respond to that need. See
Farmer, 511 U.S. at 837; Natale, 318 F.3d at 582. Deliberate
indifference may be found where the prison official (1) knows of
a prisoner's need for medical treatment but intentionally
refuses to provide it; (2) intentionally delays necessary
medical treatment based on a non-medical reason; or (3)
deliberately prevents a prisoner from receiving needed medical
treatment. See Pierce v. Pitkins, 520 F. App'x 64, 66 (3d Cir.
2013) (citing Rouse, 182 F.3d at 197).

III. ANALYSIS

As an initial matter, it is unclear who Plaintiff intends
to sue in this action. As set forth above, the caption of the
Complaint names both the "Cumberland County Sheriff Department"
and "Sheriff Robert Augustino." (Compl. 1, ECF No. 1). However,
the "parties" section of the Complaint — specifically question
3(B) — lists Robert Augustino as the only defendant. (Compl. 3,
ECF No. 1). Further confusing matters, the remainder of the
Complaint is devoid of factual allegations as to either the

Cumberland County Sheriff Department or Robert Augustino; and,
instead, references only Sheriff Officer Tescoroni. (Compl. 4,
ECF No. 1).

Even assuming the existence of a serious medical need,
Plaintiff has failed to allege any facts in the Complaint which
indicate behavior on the part of the Cumberland County Sheriff
Department or Robert Augustino which may constitute deliberate
indifference to that need. See Estelle, 429 U.S. at 106; Natale,
318 F.3d at 582.  Accordingly, to the extent Plaintiff meant to
name the Cumberland County Sheriff Department and Robert
Augustino as defendants, any claims against them must be
dismissed for failure to state a claim.

Moreover, the Cumberland County Sheriff Department is a
division of Cumberland County and, thus, is not a "person"
subject to liability under § 1983. See Will v. Mich. Dep't of
State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45
(1989); see also, Jackson v. City of Erie Police Dep't, 570 F.
App'x 112, 114 (3d Cir. 2014); Stewart v. City of Atl. Police
Dep't, No. 14-4700, 2015 WL 1034524, at *1 (D.N.J. Mar. 10,
2015) (collecting cases).  Accordingly, even if Plaintiff had
alleged facts relating to this entity, any claims against the
Cumberland County Sheriff Department must be dismissed with
prejudice. See Gonzalez v. Cape May Cnty., No. 12-0517, 2015 WL
1471814, at *4 (D.N.J. Mar. 31, 2015) (finding that plaintiff

could not sustain separate § 1983 claim against a sheriff's department because it was a subunit of the local municipality).

The Court notes that the proper defendant for a claim against a sheriff's department would be the municipality itself. See Jackson, 570 F. App'x 112; See also Bonenberger v. Plymouth Twp., 132 F.3d 20, 25 n. 4 (3d Cir. 1997) (Court "treat[s] the municipality and its police department as a single entity for purposes of section 1983 liability"). However, to state a claim against a municipality, a plaintiff must allege an unconstitutional policy or custom that would create municipal liability. See Monell v. Dep't of Social Servs. New York City, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Although Plaintiff references a "procedure" in the "Statement of Claims" section of his Complaint (Compl. 4, ECF No. 1), he also seeks relief in the form of a change to the shackling practice, and references the way in which medical issues are addressed when they arise while prisoners are in a holding cell. Therefore, in addition to the fact that Plaintiff has not named Cumberland County as a defendant, the Court is unable to construe from the Complaint the precise policy or custom Plaintiff means to attack by way of this action. Accordingly, no cause of action has been alleged under Monell. See Hildebrand v. Allegheny County, 757 F.3d 99, 110-11 (3d Cir. 2014) (complaint must plead facts to support Monell liability);

McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009)
(stating to satisfy pleading standard for Monell claim,
complaint "must identify a custom or policy, and specify what
exactly that custom or policy was"); Karmo v. Borough of Darby,
No. 14-2797, 2014 WL 4763831, at *6 (E.D.Pa. Sept. 25, 2014)
(same).

Finally, to the extent Plaintiff means to allege that
Sheriff Officer Tescoroni is the prison official who acted with
deliberate indifference to Plaintiff's serious medical need,
Plaintiff has not named him as a defendant.  Sheriff Officer
Tescoroni is not listed in the caption; nor is he named in the
section of the complaint wherein Plaintiff is asked to identify
the defendants.

Therefore, the Complaint will be dismissed for failure to
state a claim upon which relief can be granted.  However,
Plaintiff will be permitted to amend his Complaint. Denton, 504
U.S. at 34; Grayson, 293 F.3d at 108; Thomaston v. Meyer, 519 F.
App'x at 120 n.2; Urrutia, 91 F.3d at 453.

IV.   CONCLUSION

For the foregoing reasons, any claims against the
Cumberland County Sheriff Department will be dismissed with
prejudice.  The remainder of the Complaint will be dismissed
without prejudice for failure to state a claim.  Because it is
possible that Plaintiff may be able to amend or supplement his

complaint with facts sufficient to overcome the deficiencies
noted herein, Plaintiff shall be given leave to file an
application to reopen accompanied by a proposed amended
complaint.[2]

    An appropriate Order follows.


July 31, 2015

                                 __s/ Noel L. Hillman_____
                                 NOEL L. HILLMAN
                                 United States District Judge

At Camden, New Jersey

---

[2] Plaintiff should note that when an amended complaint is filed,
it supersedes the original and renders it of no legal effect,
unless the amended complaint specifically refers to or adopts
the earlier pleading. See West Run Student Housing Associates,
LLC v. Huntington National Bank, 712 F.3d 165, 171 (3d Cir.
2013)(collecting cases); see also 6 CHARLES ALAN WRIGHT ARTHUR R.
MILLER, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2008).  To avoid
confusion, the safer practice is to submit an amended complaint
that is complete in itself. Id.